UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| FAITH LABADIE,<br><br>                    Plaintiff,<br>      v.<br><br>NU ERA TOWING AND SERVICE, INC.,<br><br>                    Defendant. | **REPORT**<br>**and**<br>**RECOMMENDATION**<br><br>20-CV-722V(F) |

_____

APPEARANCES:      LAW OFFICES OF KENNETH HILLER, PPLC
                  Attorneys for Plaintiff
                  KENNETH R. HILLER, and
                  SETH ANDREWS, of Counsel
                  6000 North Bailey Avenue
                  Suite 1A
                  Amherst, New York 14226

                  GERBER CIANO KELLY BRADY
                  Attorneys for Defendant
                  DANIEL W. GERBER, of Counsel
                  350 Main Street
                  Suite 2400
                  Buffalo, New York  14202

## JURISDICTION

This action was referred to the undersigned on August 13, 2020, by Honorable Lawrence J. Vilardo for all pre-trial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendant's motion for judgment on the pleadings (Dkt. 10), filed August 12, 2020.

## BACKGROUND

Petitioner Faith Labadie ("Petitioner"), commenced this action on June 15, 2020, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*.

("FDCPA"), by Defendant NU Era Towing and Service, Inc. ("Defendant").  On August 12, 2020, Defendant filed a motion for judgment on the pleadings (Dkt. 10), attaching Defendant NU Era Towing and Service, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss (Dkt. 10-1) ("Defendant's Memorandum").  On September 16, 2020, Plaintiff filed the Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Dkt. 13) ("Plaintiff's Response").[1]  On October 1, 2020, Defendant filed Defendant NU Era Towing and Service, Inc.'s Reply in Support of Its Motion to Dismiss (Dkt. 14) ("Defendant's Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.

## FACTS[2]

In 2018, Plaintiff Faith Labadie ("Plaintiff" or "Labadie"), incurred a financial obligation to Chrysler Capital ("Chrysler Capital") ("the subject debt") for a 2018 Dodge Durango vehicle ("Plaintiff's vehicle").  Plaintiff allegedly defaulted on the subject debt.  Chrysler Capital hired Defendant NU Era Towing and Service, Inc. ("Defendant" or "NU Era") to collect the subject debt or to assist in recovering Plaintiff's vehicle.

On November 1, 2019, Plaintiff, accompanied by her minor son ("Plaintiff's son"), exited the Walden Galleria Mall in Cheektowaga, New York ("the mall"), and proceeded

---

[1] Defendant filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) despite never filing an answer and not relying on any papers outside the Complaint.  Accordingly, Defendant's Motion is more properly construed as made pursuant to Fed.R.Civ.P. 12(b)(6) seeking dismissal failing to state a claim.  The difference is, however, largely academic because "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings 'is identical to that of a Rule 12(b)(6) motion for failure to state a claim.'"  *Brown v. Netflix, Inc.*, 855 Fed.Appx. 61, 62 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).
[2] Taken from the Complaint filed in this action.

toward the parking lot where Plaintiff's vehicle was parked.  Upon reaching Plaintiff's vehicle, Plaintiff observed the vehicle was blocked by Defendant's vehicle ("Defendant's vehicle"), preventing Plaintiff from exiting the parking spot.  As Plaintiff entered Plaintiff's vehicle, the driver of Defendant's vehicle ("Defendant's driver") approached Plaintiff's vehicle, asking if she was "Faith."  Plaintiff responded she was and Defendant's driver than advised that Plaintiff's vehicle was being repossessed and handed Plaintiff a business card.  Plaintiff objected to Defendant's driver taking Plaintiff's vehicle, and Defendant's driver then called for a tow truck that arrived 20 minutes later.  Plaintiff again objected to Defendant's driver taking Plaintiff's vehicle, stating she needed the vehicle to take her son back to the Ronald McDonald House ("Ronald McDonald House") in Buffalo, New York, where Plaintiff and her son were staying while Plaintiff's son underwent medical treatments.  Defendant's driver agreed Plaintiff could drive Plaintiff's vehicle back to the Ronald McDonald House to allow Plaintiff's son to receive medical treatment, but admonished Plaintiff if she attempted to drive anywhere else, he would call the police.  Defendant's driver followed Plaintiff as she drove in Plaintiff's vehicle with her son to the Ronald McDonald House.  Upon arriving at the Ronald McDonald House, Defendant's driver proceeded with repossessing Plaintiff's vehicle to which Plaintiff again objected.  Defendant's driver also requested Plaintiff provide the keys to Plaintiff's vehicle, advising that if Plaintiff did not comply, Defendant would charge Plaintiff $ 400 for a replacement set of keys.  Plaintiff then provided Defendant's driver with the keys to Plaintiff's vehicle.

3

## DISCUSSION

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting longstanding precedent of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As such, the Supreme Court requires application of "a 'plausibility standard . . . .'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Twombly*, 550 U.S. at 570, and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

4

between possibility and plausibility of "entitlement to relief."'  *Id.* (quoting *Twombly*, 550 U.S. at 557)

A Rule 12(b)(6) motion is addressed to the face of the pleading.  "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]."  *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

In the instant case, Plaintiff asserts one claim against Defendant, *i.e.*, that in repossessing Plaintiff's vehicle on November 1, 2019, "Defendant NU Era violated 15 U.S.C. § 1692f and § 1692f(6) by unlawfully repossessing Plaintiff's vehicle when Plaintiff objected to the repossession."  Complaint, ¶ 24.  Plaintiff further alleges Defendant's unlawful repossession of Plaintiff's vehicle caused Plaintiff emotional distress.  *Id.* ¶ 25.  In seeking to dismiss the Complaint, Defendant argues that Plaintiff's claimed objection to Defendants' repossession of Plaintiff's vehicle is without any factual basis unless, in repossessing Plaintiff's vehicle, Defendant breached the peace, which the Complaint does not support, Defendant's Memorandum at 4-15, asserting leave to

replead would be futile.  *Id*. at 15-16.  In opposition to Defendant's Motion, Plaintiff argues Defendant did breach the peace in repossessing Defendant's vehicle, particularly by the use of deception.  Plaintiff's Response at 3-6.  In further support of dismissal, Defendant argues the Complaint is devoid of any allegations establishing the requisite breach of peace, Defendant's Reply at 2-9, and that by failing to respond to Defendant's argument that the Complaint should be dismissed with prejudice and without leave to replead, Plaintiff has conceded to dismissal with prejudice.  *Id*. at 9. Careful consideration of the arguments supports the dismissal of the Complaint for failure to state a claim, with prejudice and without leave to amend.

"[T]o establish a violation of the FDCPA, '(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.'"  *Anzelone v. ARS Nat'l Servs., Inc.*, 2018 WL 3429906, at * 3 (E.D.N.Y. July 16, 2018) (quoting *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)), and citing *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014)).  In the instant case, the parties do not dispute that Plaintiff is a "consumer" and Defendant is a "debt collector" as required for liability under the FDCPA.  Plaintiff, however, maintains that in repossessing Plaintiff's vehicle without judicial recourse, Defendant violated the FDCPA, specifically, 15 U.S.C. § 1692f(6). Complaint ¶ 24.

Pursuant to 15 U.S.C. § 1692f ("§ 1692(f)__"), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." As relevant to the instant case, a violation of § 1692f includes "[t]aking or threatening to take any <u>nonjudicial</u> action to effect dispossession . . . if - - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . . 15 U.S.C. § 1692f(6)(A) (underlining added). "A violation of § 1692f(6) occurs only when a debt collector takes or threatens to take nonjudicial action *without* a present right to possession of the property." *Gerbasi v. NU Era Towing and Service, Inc.*, 443 F.Supp.3d 411, 413 (W.D.N.Y. 2020) (italics in original). Whether Defendant "had a 'present right' to [Plaintiff's vehicle] via an enforceable security interest turns on [the state's Uniform Commercial Code ("UCC")].'" *Id*. (quoting Aviles, 49 F.Supp.3d at 225) (bracketed text in original).

"On default of payment, under the New York Uniform Commercial Code, a secured party has the right to take possession of its collateral." *Barrett v. Harwood*, 189 F.3d 297, 300 (2d Cir. 1999). In New York, the UCC provides a secured party "may take possession of the collateral . . . without judicial process, if it proceeds without breach of the peace." N.Y. U.C.C. § 9-609. As such, "where repossession cannot be accomplished without a breach of the peace, a retaking must be effected by legal process." *Barrett*, 189 F.3d at 300 (citing *Mauro v. General Motors Acceptance Corp.*, 626 N.Y.S.2d 374, 376 (N.Y.Sup.Ct.1995)). In the instant case, Plaintiff does not dispute the subject debt was a secured debt for which Defendant had the right to take possession of the collateral without judicial action so long as such action did not breach the peace. Plaintiff's Response at 3-4. Accordingly, the only issue before the court is

whether the Complaint plausibly alleges Defendant's repossession of Plaintiff's vehicle on November 1, 2019 breached the peace.

What conduct constitutes a breach of the peace, however, is not defined by the UCC.  *Gerbasi*, 443 F.Supp.3d at 413 (citing N.Y. U.C.C. § 9-609 cmt. 3 ("Like former Section 9-503, this section [§ 9-609] does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts.")).  "Under New York law, a breach of the peace is defined as 'a disturbance of public order by an act of violence, or by any act likely to produce violence, or which by causing consternation and alarm, disturbs the peace and quiet of the community.'"  *Id*. (quoting *Hilliman v. Cobado*, 499 N.Y.S.2d 610, 614 (Sup.Ct. Catt.Cty. 1986) (quoting *People v. Most*, 64 N.E. 175 (N.Y. 1902))).

In opposing dismissal, Plaintiff relies on *Gerbasi*, where the court, in a similar FDCPA case involving the nonjudicial repossession of a vehicle, denied judgment on the pleadings in favor of the defendant where the factual allegations could support a breach of the peace.  Plaintiff's Response at 4.  A plain reading of *Gerbasi*, however, establishes the circumstances surrounding the repossession in that case differ significantly from the instant case.  Specifically, in *Gerbasi*, the Complaint alleged the debt collector's agent "drove his truck and rammed" the plaintiff's gate at the plaintiff's home, breaking the lock and damaging the plaintiff's fence.  *Id*., 443 F.Supp.3d at 414.  When the plaintiff exited her home and objected to the defendant's repossession attempt, telling the agent to get off the property, the agent responded with threats to "tase and mace" the plaintiff if she came any closer.  *Id*.  The agent also threatened to "tase and mace" the plaintiff's son when he exited the house, after which the plaintiff

8

called the police. *Id*. This court found such allegations, particularly the threats to tase or mace the plaintiff and her son sufficiently pleaded a breach of the peace. *Id*.

In contrast, in the instant case, Plaintiff claims only that three times she "objected" to Defendant's driver repossessing Plaintiff's vehicle. Complaint ¶¶ 15-16 and 18. Plaintiff alleges that when she informed Defendant's driver that she needed the vehicle to return to the Ronald McDonald House where she and her son were staying while her son underwent medical treatment, Defendant's driver agreed to permit Plaintiff to do so. Complaint ¶ 16-18. Plaintiff does not allege Defendant's driver ever raised his voice or threatened Plaintiff if she did not relinquish the vehicle. Insofar as Plaintiff argues Defendant's driver breached the peace when he used his vehicle to block Plaintiff's vehicle in the mall parking lot, preventing Plaintiff from leaving, Plaintiff's Response at 4, threatened to contact the police if Plaintiff veered from the route back to the Ronald McDonald House, *id*., and threatened Plaintiff with a $ 400 fee if Plaintiff did not voluntarily provide the keys to Plaintiff's vehicle, *id*., such arguments fail to establish a breach of the peace. In particular, Plaintiff points to no case law establishing that a debt collector's use of a vehicle to block a vehicle the debt collector seeks to repossess constitutes a breach of the peace, and the court's research reveals none. Nor does Plaintiff allege Defendant's driver ever threatened the Plaintiff with seeking to have her criminally charged by the police. Plaintiff points to no case law supporting this argument, the court's research reveals none, and in any event, the police may attend a repossession to assist with keeping the peace. *See Barrett*, 189 F.3d at 302-03 (recognizing police may be called to stand by during repossession of vehicle in case there was a breach of the peace). Further, a plain reading of the Complaint fails to

9

establish Defendant's driver's advising Plaintiff that her failure to voluntarily provide the keys to Plaintiff's vehicle would result in an assessment of $ 400 to cover the cost of replacing the keys cannot reasonably be construed as a threat, but only provided information.  Significantly, Plaintiff does not allege that she would need the keys to Plaintiff's vehicle after it was repossessed.  Accordingly, the facts alleged with regard to Defendant's repossessing of Plaintiff's vehicle differ sufficiently from those at issue in *Gerbasi* and, as such, do not require denying Defendant's motion.

Plaintiff further urges the court to adopt the five-factor test applied in *Clarin v. Minnesota Repossessors, Inc*., 198 F.3d 661, 664 (8th Cir. 1999) ("*Clarin*"), and subsequently applied by other district courts within the Second Circuit, including *Gill v. Bd. of Nat'l Credit Union Admin. for Sikh Fed. Credit Union*, 2018 WL 5045755 (E.D.N.Y. Oct. 16, 2018) ("*Gill*").  The five factors used to determine whether a repossession breached the peace include, "(1) where the repossession took place, (2) the debtor's express or constructive consent, (3) the reactions of third parties, (4) the type of premises entered, and (5) the creditor's use of deception."  *Id*., 2018 WL 5045755, at *10–11 (citing 2 J. White & R. Summers, Uniform Commercial Code § 27-6 at 575-76 (3d ed. 1988)).  Petitioner argues that although she initially encountered Defendant's driver in the mall parking lot, the repossession of her vehicle occurred at the Ronald McDonald House where Plaintiff and her son resided while the son received medical treatment, Plaintiff's Response at 5-6, Plaintiff never consented to the repossession of the vehicle, *id*. at 6, and Defendant's driver engaged in deception by threatening to call the police if Plaintiff varied from the direct route to the Ronald McDonald House and by "falsely threatening Plaintiff with a financial repercussion of

10

having to pay $ 400 if she did not turn over the keys." *Id*.  Even applying *Clarin's* test, however, does preclude dismissal of the Complaint.

Insofar as Plaintiff argues the repossession occurred at her residence, Plaintiff points to no caselaw establishing the Ronald McDonald House could be considered as Plaintiff's residence when Plaintiff's vehicle was repossessed and to find otherwise would encourage any debtor to seek to avoid the repossession of a vehicle from a public location by convincing the repossession agent to permit the debtor to drive to a residence.  As regards the second factor pertaining to Plaintiff's consent, the Complaint is devoid of any indication that Plaintiff, other than verbally objecting to the repossession, did not consent to the repossession.  Significantly, merely expressing an objection to repossession, "however strenuous, is not a breach of the peace unless accompanied by factors indicating that the activities of the repossession agent are of a kind likely to cause violence, or public distress and/or consternation."  *Gill*, 2018 WL 5045755, at *10 (citing *Clarin*, 198 F.3d at 664).  Other district courts within the Second Circuit holding a mere verbal objection to an attempted repossession is sufficient to constitute a breach of the peace are inapposite insofar as they did not construe N.Y. U.C.C. § 9-609, *see Aviles*, 49 F.Supp.3d at 226 (construing Connecticut's U.C.C. law), or did not rely on the Second Circuit or any district court within the Second Circuit in construing § 9-609, *see Boles v. Cnty. of Montgomery*, 2014 WL 582259, at *9 (N.D.N.Y. Feb. 13, 2014) (quoting *Hensley v. Gassman,* 693 F.3d 681, 689–90 (6th Cir.2012) ("It is clear that a mere verbal objection to the removal of property constitutes a breach of the peace.") (Michigan law)).  Since the *Clarin* test was applied in *Gill*, district courts within the Second Circuit found allegations sufficient to allege a

11

repossession attempt breached the peace only when accompanied by other factors. *See Gerbasi*, 443 F.Supp.3d at 414 (denying the defendant's motion for judgment on the pleadings in FDCPA action predicated on a claimed breach of peace in connection with the attempted repossession of a vehicle where the plaintiff alleged the defendant "trespassed on her property, that she orally objected at the scene, that the [defendant's] agent threatened both her and her son, and that [the plaintiff] called the police."). *Cf.*, *Vassel v. Palisades Funding Corp.*, 2020 WL 2797274, at * 3 (E.D.N.Y. May 28, 2020) (holding the plaintiff's allegations that plaintiff, while seated in the vehicle the defendant sought to repossess, screamed objections at the repossessing agents who responded by physically pulling the plaintiff from the vehicle, were sufficient to avoid dismissal of the FDCPA claim based on an unlawful repossession in violation of N.Y. U.C.C. § 9-609). Nor does Plaintiff allege Defendant's driver engaged in any conduct, verbal or otherwise, that could be construed as a breach of the peace. Further, Plaintiff's statement in opposing Defendant's Motion that "[t]his Court has already established that . . . an oral objection to the repossession of the vehicle along with threats and/or conduct aimed at harming the Plaintiff from the repossession agent, are sufficient to constitute a breach of peace," Plaintiff's Response at 4 (citing *Gerbasi*, 443 F.Supp.3d at 413-14), establishes Plaintiff concedes the caselaw regarding what constitutes a breach of peace for purposes of N.Y. U.C.C. § 9-609 has evolved to require more than a mere verbal objection to the repossession. To construe § 9-609 otherwise would bar a nonjudicial repossession based on a breach of the peace perpetrated by the party opposing the repossession.

Furthermore, although Petitioner asserts Defendant's driver employed deceptive techniques, for the same reasons discussed above in connection with Plaintiff's argument that Defendant's driver threatened her, Discussion *supra*, at 9, neither warning Plaintiff that the police would be called if she veered from the route between the mall and the Ronald McDonald House, or that she would be assessed a $ 400 fee for failing to provide the keys to Plaintiff's vehicle, can be construed as deceptive practices. Accordingly, Defendant's Motion should be GRANTED.

Although dismissal of a *pro se* plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Where the problems with the plaintiff's claims, as pleaded, are substantive such that further pleading cannot cure them and would be futile, dismissal should be with prejudice. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's claim for failure to state a claim with prejudice and without leave to replead where even liberal reading of complaint failed to suggest plaintiff had merely inadequately or inartfully pleaded and plaintiff, speaking through counsel on appeal, suggested no new material that could be pleaded to sufficiently reframe claim, such that repleading would be futile).

In the instant case, not only did Plaintiff fail to respond to Defendant's argument that dismissal of the Complaint should be without leave to replead, see Plaintiff's Response, *passim* (failing to oppose dismissal without leave to replead), but the deficiencies with Plaintiff's claims, *i.e.*, pleading allegations that are wholly inconsistent

13

with a finding that Defendant's actions breached the peace in repossessing Plaintiff's vehicle, are substantive such that leave to replead would not permit Plaintiff to cure the defects and would be futile. Accordingly, the recommended dismissal of Plaintiff's Complaint should be with prejudice and without leave to replead.

## CONCLUSION

Based on the foregoing, Defendant's Motion (Dkt. 10), should be GRANTED; the Complaint should be DISMISSED with prejudice and without leave to replead. The Clerk of Court should be directed to close the file.

/s/ *Leslie G. Foschio*

_____
   LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  June 14th, 2022
        Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**  *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	June 14th, 2022
	Buffalo, New York