UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAITH LABADIE,

        Plaintiff,

    v.                                      20-CV-722-LJV-LGF
                                              DECISION & ORDER
NU ERA TOWING AND SERVICE, INC.,

        Defendant.

---

        On June 15, 2020, the plaintiff, Faith Labadie, commenced this action alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1662, *et seq*. Docket Item 1. On August 12, 2020, the defendant, Nu Era Towing and Service, Inc., moved to dismiss. Docket Item 10. On August 13, 2020, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 11.

        On September 16, 2020, the plaintiff responded to the defendant's motion, Docket Item 13, and on October 1, 2020, the defendant replied, Docket Item 14. On June 14, 2022, Judge Foschio issued a Report and Recommendation ("R&R") finding that the motion should be granted. Docket Item 16.

        On July 12, 2022, the plaintiff objected to the R&R on the grounds that Judge Foschio "misconstrue[d]" this Court's decision in *Gerbasi v. Nu Era Towing and Service, Inc.*, 443 F.Supp.3d 411 (W.D.N.Y 2020), and "fail[ed] to correctly apply the law relative to the standard for a Rule 12(b)(6) motion." Docket Item 19. On August 3, 2022, the

defendant responded to the objection.  Docket Item 21.  The plaintiff did not reply, and the time to do so now has passed.  *See* Docket Item 20.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection and response; and the materials submitted to Judge Foschio.  Based on that *de novo* review, the Court accepts and adopts Judge Foschio's recommendation to grant the defendant's motion to dismiss for the reasons stated in the R&R.

As an initial matter, this Court agrees with Judge Foschio that the plaintiff's reliance on *Gerbasi* is misplaced because "the circumstances surrounding the repossession in that case differ significantly from [those in] the instant case."  *See* Docket Item 16 at 8-9.  This Court also agrees with Judge Foschio that, taking the facts in the light most favorable to the plaintiff—as this Court must on a motion to dismiss— the plaintiff still has not plausibly alleged a "breach of the peace" as required to state a claim.  *See id.* at 9-13.  Indeed, the complaint alleges only that the plaintiff verbally "objected" three times to the repossession, *see* Docket Item 1 at ¶¶ 15, 16, 18, and does not suggest anything remotely approaching facts sufficient to create a breach of the peace.  *Compare Gill v. Bd. of Nat'l Credit Union Admin. for Sikh Fed. Credit Union*, No. CV 93-1597 (MDG), 2018 WL 5045755, at *10 (E.D.N.Y. Oct. 16, 2018) (explaining that "the taking of a vehicle on default from a public location over the oral objection of

the owner, however strenuous, is not a breach of the peace unless accompanied by factors indicating that the activities of the repossession agent are of a kind likely to cause violence, or public distress and/or consternation"), *with Vassel v. Palisades Funding Corp.*, No. 19-CV-3241(EK)(RER), 2020 WL 2797274, at *3 (E.D.N.Y. May 28, 2020) (finding that allegations that the defendant's agent "resorted to force to effectuate the repossession" and "pull[ed the plaintiff] out of his car" were sufficient to claim a breach of the peace), *and Gerbasi*, 443 F. Supp. 3d at 414 (finding that allegations that the defendant's agent "drove his truck and rammed [the plaintiff's] gate[,] which broke the lock and damaged [her] fence," and threatened to "tase and mace" the plaintiff and her son were sufficient).

The plaintiff makes much of what she calls the defendant's "threat[]" to call the police and of a "$400 charge if she did not provide . . . the keys to the vehicle." *See* Docket Item 19 at 2; *see also id.* at 6-8, 11.  But contrary to the plaintiff's assertion, *id.* at 8-9, calling the police need not necessarily be in connection with a crime.  Here, for example, the driver who impounded the plaintiff's vehicle agreed to allow her to drive her son for medical treatment before taking the vehicle but said that he would call the police if she went anywhere else.  There was nothing inappropriate or misleading about that compassionate response.  And even if the plaintiff is correct that she could not have been charged $400 for failing to provide her car key, that affected only whether she surrendered her key and had nothing to do with the seizure of her vehicle.

In sum, unless a vehicle can never be repossessed for nonpayment when the person in possession is present, the repossession here did not violate the FDCPA.  This Court certainly has sympathy for the plaintiff and wishes her and her son well.  But for

the reasons stated above and in the R&R, the plaintiff has not stated a viable claim. Therefore, this Court overrules the plaintiff's objections and adopts the R&R.

## **CONCLUSION**

For the reasons stated above and in the R&R, the defendant's motion to dismiss, Docket Item 10, is GRANTED. The Clerk of the Court shall enter judgment for the defendant and close this case.

SO ORDERED.


Dated: August 23, 2022
Buffalo, New York


      */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE